## INES FAY FLEMING V. STATE

No. 27,571. May 18, 1955

*Dick Young* and *Russell F. Wolters,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, a fine of $100.00. The grounds of aggravation alleged were that the appellant was an adult male and the injured party was a child.

Ill will existed between the appellant and his wife and the parents of the injured child growing out of possession of a certain residence in the city of Houston.

According to the mother of the child and her sister-in-law, the appellant drove into the back yard of the house in question on the day charged in the information, knocked down a clothesline, presented himself in an intoxicated condition at the back door, and tried to gain admittance. They further testified that the five-year old boy opened the door, that the appellant entered, cursing, and slapped and shoved the boy, then slapped his mother, and left when the other woman went to call the police.

There was further evidence that the father of the child was

called, that he followed the appellant to a nearby tavern, and there gave him a whipping.

The appellant, testifying in his own behalf, denied that he was intoxicated on the day in question and denied that he struck the child or its mother. Appellant contends that the instant prosecution was brought against him because of certain civil and criminal proceedings which he and his wife had instituted against the parents of the child. Appellant testified that he was severely beaten by a group of people at the tavern after he left the house in question.

The state introduced evidence in rebuttal tending to show appellant's state of intoxication at the tavern.

The trial was before the court without the intervention of a jury, and the disputed issues of fact were by the court resolved against the appellant. We find the evidence sufficient to support the conviction.

Appellant's able attorney brings forward for review, in brief and argument, bills of exception which we will discuss.

Mrs. Aycock, the first witness called by the state, was asked if the appellant was an adult male. She answered in the affirmative. The appellant then objected on the ground that the witness had no personal knowledge of the fact. The court overruled the objection because it came too late. We need not pass upon the correctness of the court's ruling or the competency of the witness to answer the question because the appellant, testifying in his own behalf, stated that he was 37 years old, that his wife's name was Louise, and that he followed construction work.

Appellant next complains of a comment of the court while ruling on an objection made by the state in which he told appellant's counsel, "Cut this squabbling out here, Mr. Young."

Had this been a trial before a jury, this and other remarks of the court might have raised a serious question. We do not, however, construe the remarks of the court as demonstrating any prejudice against the appellant, and in view of the absence of a jury no reversible error is reflected.

No reversible error appearing, the judgment of the trial court is affirmed.